IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60338

Summary Calendar

_____

ROOSEVELT FORD,

Plaintiff-Appellant,

versus

ISAAC LEE; ANDREW THOMPSON;
CHARLES JONES; FLOYD WILLIAMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(2:94-CV-52)

_____

February 11, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Roosevelt Ford, a Mississippi prisoner (# 42452), appeals from the judgment for the defendants following a bench trial in his civil rights action filed pursuant to 42 U.S.C. § 1983. He argues that the evidence showed that the defendants acted with deliberate indifference in confiscating his shoes (allegedly causing him to contract a fungal condition on his feet and legs) and that they denied him access to the courts.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We agree with the district court and the magistrate that Ford failed to establish his § 1983 claims. Although prison officials must provide prisoners with medical care and clothing, see Farmer v. Brennan, 511 U.S. 825 (1994), to hold prison officials liable for episodic acts, Ford must demonstrate that they acted with deliberate indifference, see id. at 847. Ford has not shown that prison officials knew of a substantial risk of serious harm from the conditions of the jail floor. Moreover, Ford's claim must fail because he did not prove that the prison officials' alleged failure to provide him shoes caused the bacterial condition on his leg and foot. See Hart v. O'Brien, 127 F.3d 424, 446 (5th Cir. 1997). As to Ford's access-to-the-courts claim, the magistrate was entitled to credit the prison officials' testimony that they routinely provide access to a law library and would have provided Ford a stamp to mail his legal filing if he had requested on; similarly, the magistrate was entitled to discredit Ford's testimony that the defendants failed to comply with these policies. See Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986).

Ford also contends that the magistrate judge erred in denying his motion for a continuance, because responses to Ford's discovery requests came just a few days before trial. Yet as the lower court found, Ford failed to demonstrate that the denied continuance prejudiced his case in any way. Moreover, Ford has not met the heavy burden for imposing sanctions on the defendants for their failure to comply with discovery requests. We find no abuse of

2

discretion on these facts.  See Dorsey v. Scott Wetzel Serv., Inc.,

84 F.3d 170, 171 (5th Cir. 1996).

AFFIRMED.